[Criminal No. 481.　Filed November 24, 1920.]

[193 Pac. 301.]

## MABEL WILSON and ALBERT LOUIS NORTON, Appellants, v. STATE, Respondent.

1. CRIMINAL LAW—EVIDENCE THAT UNMARRIED DEFENDANTS CHARGED WITH TRANSPORTING INTOXICATING LIQUORS WERE COHABITING AS HUSBAND AND WIFE INADMISSIBLE.—In a prosecution of a man and woman, unmarried partners in the ownership of an automobile and ranch, for unlawfully transporting intoxicating liquors, evidence that the man before the arrest of the parties had registered at a hotel by writing "Bud Norton and Wife," when the woman was not present, was inadmissible as leading to the conclusion that the woman and man were traveling about the country notoriously cohabiting as husband and wife, in violation of Penal Code of 1913, section 241.

2. CRIMINAL LAW—EVIDENCE AS TO OTHER CRIME OF DEFENDANT WHO DID NOT OFFER HERSELF AS WITNESS COULD NOT BE INTRODUCED.— When a defendant did not offer herself as a witness to become liable to impeachment as such, it was improper to show that she was living with a man, her codefendant, in a state of open and notorious cohabitation, in violation of law.

APPEAL from a judgment of the Superior Court of the County of Yavapai.　John J. Sweeney, Judge. Reversed and remanded.

Mr. F. L. Haworth, for Mabel Wilson.

Mr. Wiley E. Jones, Attorney General, and Assistants, for the State.

CUNNINGHAM, C. J.—The facts of this case are, in the main, without dispute.　The sheriff and his deputies were patrolling the highway out of Prescott for violators of the prohibition laws.　These officers had spent the night on this mission, and about dawn on the ninth day of October, 1919, they started for

---

2. Authorities passing on the general rule as to evidence of other crimes in criminal case are collated in notes in 62 L. R. A. 193, and 7 Ann. Cas. 66.

Prescott. When the officers reached a point about six or eight miles out of Prescott they observed an automobile standing beside the road headed toward Prescott. No lights were in sight on the machine. On the ground near the machine were five cases of whiskey covered with a large canvas. The defendants did not claim the whiskey and denied all knowledge of it. The defendants were arrested and the whiskey loaded into the officers' automobile and taken to Prescott. After reaching Prescott, defendant Norton, in the absence of Wilson, told the sheriff that other cases of whiskey were a little farther from the road up the hill. The sheriff returned to the place he had arrested the defendants that morning, and, following tracks of a man, he found about thirteen additional cases of whiskey, a portion of which were found at a place referred to by the defendant Norton.

The officers were told that these defendants had left Prescott early that morning and were going west to their ranch on the Colorado River when they noticed, .in passing, the canvas-covered object beside the road. Whereupon they stopped and turned a short distance west of the object and returned to investigate what it was. Before they had completed their investigations, the officers came up and arrested them. The officers failed to find a place where any automobile had turned on the road. The appellants moved for an instructed verdict upon the grounds that the evidence wholly fails to sustain the allegation of transporting the liquor.

On the trial evidence was admitted tending to show that the defendants registered at a hotel in Prescott as husband and wife, to which the defendants objected. The evidence was received and tended to show that Norton registered at the hotel by writing, "Bud Norton and Wife," and that this appellant, Mabel Wilson, was not present, but that she did not register personally. The record contains evidence to the effect

that these defendants were partners in the ownership of a ranch and of cattle and of the automobile mentioned.

Appellant Mabel Wilson prosecutes her appeal and relies upon two grounds for a reversal: First, upon the ground that the evidence wholly fails to establish a transportation of whiskey by either or both of the defendants; and, second, upon the ground that the court erred in admitting evidence of the fact that Norton registered at the hotel as though she were his wife. I have not pretended to follow the wording of the appellant's assignments in stating them.

The view we take of the record requires us to examine only the second contention—the error in admitting improper testimony.

Conceding that defendant Norton, in the absence of defendant Wilson, did write ''Bud Norton and Wife'' on the hotel register, and granting that Mabel Wilson is the person referred to and intended to be considered his wife by the form of registering, and further granting that Mabel Wilson knew that Norton expected so to write on the register and that he wrote the word ''Wife'' with her consent, yet from all of these facts no inference can be justly drawn that either of the defendants transported intoxicating liquors within Yavapai county. There is no evidence in the record that Mabel Wilson ever knew that Norton wrote on the register as he did, claiming he was accompanied by his wife. There is no evidence that he stated to anyone that Mabel Wilson was the person he referred to as his wife. Yet this defendant came to the hotel with him and she occupied the room assigned to ''Bud Norton and Wife.'' These facts would leave one conclusion to be drawn; that is, that Miss Mabel Wilson and Albert Louis Norton were traveling about the country openly and notoriously cohabiting as husband and wife in violation of a criminal law (paragraph 241, Pen. Code Ariz. 1913). To permit such

facts to be shown to the jury, the jury must thereby be prejudiced against her.

The Attorney General seeks to justify the admission of such vicious evidence upon the grounds of impeaching the witness Norton while testifying. Conceding, but not deciding, that Norton can be impeached by such showing that he was living with a woman in a state of open and notorious cohabitation in violation of law, such evidence could not be admitted against Mabel Wilson; she did not offer herself as a witness, and therefore become liable to impeachment as such.

The admission of such evidence could affect the issue of guilt or innocence of Mabel Wilson in no conceivable manner other than to prejudice the jury against her. The evidence was erroneously admitted, and the character of the evidence is such that prejudice most likely would follow.

It becomes immaterial to this appeal to consider the other questions raised. In view of another trial, we deem a discussion of the evidence unnecessary and undesirable.

The judgment against Mabel Wilson is reversed for the reason that improper evidence was admitted, and the cause, as to such defendant only, is remanded to the lower court, with instructions to grant Mabel Wilson a new trial. The judgment will stand as against Norton, for the reason that he has not prosecuted his appeal, but seems to have abandoned the appeal, and we have not considered the same.

ROSS and BAKER, JJ., concur.